UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CR-103-KAC-JEM |
| | ) | No. 3:21-CR-150-KAC-JEM |
| ANTONIO FONTAINE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Antonio Fontaine's Motion to Continue Trial and All Relevant Deadlines [No. 3:24-CR-103, Doc. 52], filed on July 3, 2026, and Motion to Trial and All Relevant Deadlines [No. 3:21-CR-150, Doc. 92], filed on July 14, 2026, which was referred to the undersigned [No. 3:21-CR-150, Doc. 93].

Defendant asks the Court to continue the plea deadline and trial date in *United States v. Fontaine*, No. 3:24-CR-103, and the corresponding revocation hearing in *United States v. Fontaine*, No. 3:21-CR-150. In support of his motion, Defendant asserts that his current counsel was appointed on July 2, 2026, and that he has not been able to review any pleadings or the discovery from the Government [No. 3:24-CR-103, Doc. 52 ¶ 1].[1] Defendant states that his counsel has not been able to have any complete and meaningful discussions with Defendant regarding the Government's case against him and any potential defenses to the charges against him or any potential resolution of the case [*Id.*]. Because Defendant's counsel has not been able to review

---

[1] The motion regarding the continuance of the revocation proceedings largely mirrors the motion filed to continue the trial.

pleadings and discovery with Defendant, who is currently housed out of state in Laurel County, Kentucky, Defendant avers his counsel cannot fulfill his obligations to provide the effective assistance of counsel unless the trial and all relevant deadlines, including the deadline for filing a plea agreement, are continued [*Id.* ¶ 2]. The Government has no opposition to the request for a continuance [*Id.* ¶ 3]. Defendant has discussed with his counsel his rights to a speedy trial and does not oppose a continuance of the trial in this cause, as well as all relevant deadlines [*Id.* ¶ 4].

Based upon the information in Defendant's motions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs additional time to review discovery, consult with Defendant, and otherwise prepare for trial. The Court finds that all of this cannot occur before the August 11, 2026 trial date.

The Court therefore **GRANTS** Defendant Antonio Fontaine's Motion to Continue Trial and All Relevant Deadlines [**No. 3:24-CR-103, Doc. 52**]. The date for the trial is reset to **December 15, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 3, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B). There is also good cause to continue the revocation proceedings

2

to December 15, 2026. The Court therefore **GRANTS** Defendant's Motion to Trial and All Relevant Deadlines [**No. 3:21-CR-150, Doc. 92**].

Accordingly, it is **ORDERED** as follows:

(1) Defendant Antonio Fontaine's Motion to Continue Trial and All Relevant Deadlines [***United States v. Fontaine*, No. 3:24-CR-103, Doc. 52**] and Motion to Trial and All Relevant Deadlines [***United States v. Fontaine*, No. 3:21-CR-150, Doc. 92**] are **GRANTED**;

(2) the trial date in *United States v. Fontaine*, No. 3:24-CR-103, and corresponding revocation hearing in *United States v. Fontaine*, No. 3:21-CR-150, are reset to commence on **December 15, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motions on **July 3, 2026**, and the new trial date of **December 15, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 13, 2026**;

(5) the deadline for filing motions *in limine* is **November 30, 2026**, and responses to the motions *in limine* are due on or before **December 8, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 1, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 4, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3